UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOSEPH GOLDSBOROUGH,                                    **COMPLAINT**

                                                        **17 cv 702**
                                                        **ECF Case**

                              Plaintiff,

                 vs.

The CITY OF NEW YORK, POLICE OFFICERS
JONATHAN CANNIZZARO and
PABLO TAVERAS,
in their individual and official capacities,            **JURY TRIAL DEMANDED**

                              Defendants.
----------------------------------------------------------x

Plaintiff Joseph Goldsborough, by his attorney, Cyrus Joubin, complaining of the

Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  This civil rights action arises from the First Amendment retaliation and

unlawful detention of Joseph Goldsborough ("Plaintiff"), who was simply standing on the

sidewalk and talking with a friend when two NYPD officers approached him, snatched

his beverage, and detained him.  Plaintiff asserts constitutional claims pursuant to 42

U.S.C. § 1983 ("Section 1983") against the individual defendants for First Amendment

retaliation, illegal seizure, unlawful detention, failure to intervene, and a *Monell* claim

against the City of New York for the same constitutional violations.  Plaintiff seeks

compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant

to applicable federal civil rights law.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the First and Fourth Amendments to the United States Constitution.  Jurisdiction is

conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), this being an action

seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

3.   Venue is proper in the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in

this district.

## JURY DEMAND

4.   Plaintiff respectfully demands a trial by jury on each and every one of his

claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5.    Plaintiff Joseph Goldsborough is a United States citizen and a resident of New

York City.

6.    The individually named defendants Police Officer Jonathan Cannizzaro

(Shield #4278) ("PO Cannizzaro") and Police Officer Pablo Taveras (Shield # 18813)

("PO Taveras") (collectively, the "individual defendants") are and were at all times

relevant herein officers, employees and agents of the New York City Police Department

("NYPD").

7.    On the date of the incident giving rise to this complaint, the individual

defendants were assigned to the 25th Precinct.

8.    Each individual defendant is sued in his individual and official capacity.  At

all times mentioned herein, each individual defendant acted under the color of state law,

in the capacity of an officer, employee, and agent of defendant City of New York

("Defendant City").

9.      Defendant City is a municipality created and authorized under the laws of

New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD,

which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

10.     On the evening of May 20, 2016, Plaintiff attended the wake of a close friend

in Harlem, New York City.

11.     After the wake, around 7:00 p.m., Plaintiff walked with his friend Harold

Brown ("Mr. Brown") toward Mr. Brown's apartment building at 2130 Madison Avenue,

in upper Manhattan.

12.     On the way, Plaintiff stopped at a bodega at 2095 Madison Avenue, where he

purchased a bottle of Orangina (an orange-flavored soda), which he poured in a plastic

cup of ice.

13.     Carrying his beverage, which contained absolutely no alcohol, Plaintiff

proceeded to walk with Mr. Brown north along Madison Avenue.

14.     The two men stopped on the sidewalk outside 2130 Madison Avenue, where

they chatted and enjoyed the pleasant evening.

15.     Not long after standing there, Plaintiff observed the individual defendants

cruise by in an unmarked police car, circle the block, then cruise past again.

16.     The individual defendants circled the block once again, then double-parked

their police car in front of the sidewalk where Plaintiff and Mr. Brown were standing and

talking.

17.     The individual defendants got out of their car and approached Plaintiff.

18.     As the officers approached him, Plaintiff was doing nothing suspicious or unlawful.

19.     PO Cannizzaro asked Plaintiff what he was drinking.

20.     "Juice," Plaintiff answered.

21.     PO Cannizzaro asked Plaintiff if he could have Plaintiff's cup.

22.     "No," Plaintiff answered.

23.     PO Cannizzaro was unhappy with this response; he expected subservience and absolute respect for his authority.

24.     PO Cannizzaro grabbed the cup out of Plaintiff's hand.

25.     PO Cannizzaro then smelled the beverage.

26.     PO Cannizzaro smelled no alcohol in the beverage.

27.     PO Cannizzaro then tossed the liquid onto the grass behind Plaintiff.

28.     PO Cannizzaro remained standing directly in front of Plaintiff, while PO Taveras stood a few feet away from PO Cannizzaro and Plaintiff.

29.     Plaintiff asked whether PO Cannizzaro had the right to seize and throw away his beverage in this manner.

30.     PO Cannizzaro was again displeased that Plaintiff had the audacity to say something that questioned his authority.

31.     PO Cannizzaro then demanded Plaintiff's ID, saying "I want to know who I'm talking to."

32.     Plaintiff complied with this order, giving PO Cannizzaro his New York State Identification.

4

33.     PO Cannizzaro examined Plaintiff's ID then returned it.

34.     Mr. Brown told the individual defendants they had no right to treat Plaintiff in this way, and he asked for their identities.

35.     The individual defendants refused to give their identities and instead provided false information.

36.     After standing in front of Plaintiff for around fifteen minutes, the individual defendants went back to their car and drove off.

37.     Mr. Brown snapped a photograph of their license plate as they did so – which ultimately made it possible for the officers to be identified.

38.     The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and abusive behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

39.      There is a systemic failure to identify, discipline, and supervise NYPD officers who abuse their power, a failure so widespread, obvious, and tolerated as to constitute a custom and policy of Defendant City.

40.     There is a gross deficiency in training NYPD officers on the First Amendment – the right of citizens to express themselves lawfully and question officers.  Because of the poor training on freedom of expression, NYPD officers are unable to distinguish between protected speech and unprotected speech, between merely inconvenient forms of speech and illegal forms of speech, between lawful inquiries and unlawful threats.

41.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a.   Violation of his constitutional rights under the First and Fourth

        Amendments to the United States Constitution;

    b.   Emotional distress, degradation, and suffering;

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**Deprivation of Federal Civil Rights Under Section 1983**

42.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43.    All of the aforementioned acts of Defendants, their agents, servants and employees, were carried out under the color of state law.

44.    All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the First and Fourth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45.    The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the First and Fourth Amendment of the United States Constitution.

46.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

**SECOND CLAIM**

**Illegal Seizure Under Section 1983**

47.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48.     By the actions described above, Defendants deprived Plaintiff of his federal

civil rights, including his Fourth Amendment right to be secure in his person against

unreasonable seizures.

49.     As detailed above, the individual defendants intentionally seized Plaintiff's

property without reasonable suspicion, and without privilege or consent.

50.     As a direct and proximate result of the misconduct and abuse of authority

detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Illegal Detention Under Section 1983

51.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

52.     By the actions described, the Defendants deprived Plaintiff of his Fourth

Amendment right to be free of unreasonable or unwarranted restraints on personal liberty,

specifically his right to be free from unlawful detentions.

53.     Without probable cause or reasonable suspicion, a warrant, or consent, the

individual defendants stopped and detained Plaintiff.

54.     As a direct and proximate result of the misconduct and abuse of authority

detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### First Amendment Retaliation Under Section 1983

55.     Plaintiff realleges and reiterates all allegations set forth in the preceding

paragraphs as if stated fully herein.

56.     By the actions described, the individual defendants retaliated against Plaintiff because he lawfully exercised his First Amendment right to free speech – seizing and discarding his beverage and detaining him for standing up for his rights and questioning the conduct of the individual defendants.  In doing so, the individual defendants chilled Plaintiff's exercise of his right to free speech.

57.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

58.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

60.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

61.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Municipal Liability Under Section 1983

62.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63.     By the actions described, the Defendant City deprived Plaintiff of his First and Fourth Amendment rights through its failure to train, supervise, and discipline abusive and malicious officers; through its fostering a culture of abuse among those who wield considerable power over the lives of everyday citizens; and though its failure to train officers on the First Amendment rights of New Yorkers.

64.     As a direct and proximate result of the acts of Defendant City, Plaintiff sustained the other damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.     An order awarding compensatory damages for Plaintiff Joseph Goldsborough in an amount to be determined at trial;

b.     An order awarding punitive damages in an amount to be determined at trial;

c.     A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.     Such other and further relief as this Court may deem appropriate.

DATED:     January 29, 2017                    _____s/_____
           New York, New York                 CYRUS JOUBIN, ESQ.
                                               43 West 43rd Street, Suite 119
                                               New York, NY 10036
                                               (703) 851-2467
                                               joubinlaw@gmail.com
                                               Attorney for Joseph Goldsborough